IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR; UNITED STATES DEPARTMENT OF LABOR,<br><br>Petitioner,<br><br>vs.<br><br>DOLLAR TREE STORE #3007,<br><br>Respondent. | CV 14–120–M–DLC<br><br>ORDER |

Petitioner Thomas E. Perez, the United States Secretary of Labor, brings this action pursuant to Section 8(b) of the Occupational Safety and Health Act of 1970, as amended, 29 U.S.C. § 657(b), to judicially enforce a subpoena duces tecum served on Respondent by the Occupational Safety and Health Administration ("OSHA") on March 13, 2014. (Doc. 2-1 at 6.) The subpoena – issued after an OSHA inspection of Dollar Tree Store #3007 – demanded production of documents related to the store's corporate structure and operations, as well as its safety policies and processes for receiving and storing merchandise, by April 3, 2014. (*Id.* at 7-8.) Petitioner states that to date, Respondent has failed to produce the requested documents, despite ongoing communications between attorneys for each party.

1

The Court ordered Respondent to show cause why the petition should not be granted. Respondent timely filed a brief, which does not address the Petitioner's arguments as to the enforcement of the subpoena itself, but instead focuses on the legality of the initial investigation. Respondent cites *Marshall v. Barlow's, Inc.* for the proposition that a "businessmen, like the occupant of a residence, has a constitutional right to go about his business free from unreasonable official entries upon his private commercial property." 436 U.S. 307, 312 (quoting *See v. City of Seattle*, 387 U.S. 541, 543 (1967)). In that case the Supreme Court held that the Fourth Amendment's warrant requirement applies to OSHA inspections conducted pursuant to 29 U.S.C. § 657(a).

Respondent argues that because there was no probable cause articulated for the investigation within the Petitioner's briefs or supporting materials, the Court must deny the petition. Presumably, Respondent's logic is that because there was no probable cause articulated for the investigation, and because the investigation caused the Department of Labor to issue the subpoena, the Court must deny the petition. This appears to be based on the same principle as the "fruit of the poisonous tree" doctrine applicable in criminal prosecutions. Respondent provides no legal authority for this proposition.

Respondent's argument ignores the elephant in the room: the initial investigation appears to be a consent search. Respondent offer no evidence to the

contrary. If Mr. Woods was granted consent to conduct his investigation, the Court will grant the petition. This course of action is wholly compatible with *Marshall*, in which the Court notes that "[i]n the first place, the great majority of businessmen can be expected in normal course to consent to inspection without warrant; the Secretary has not brought to this Court's attention any widespread pattern of refusal." 436 U.S. at 316.

While all the available evidence indicates that this was a consent search, out of an abundance of caution, the Court will require Petitioner to file a brief, and encourage it to present sworn testimony on that issue, which can be accomplished through the form of an affidavit by any authorized and knowledgeable representative of the Petitioner.

IT IS ORDERED that Petitioner shall file a brief addressing Respondent's argument, as well as the issue of whether it received consent to conduct its December 10, 2013 investigation, by **May 2, 2014**. Petitioner is encouraged to submit any sworn testimony that may support its claims, and must file any such material by the same date. Petitioner shall not repeat any of the arguments it sets forth in its initial brief in support of the petition, as the Respondent failed to address those arguments, and the Court finds them compelling.

Dated this 25th day of April, 2014.

_____
Dana L. Christensen, Chief District Judge
United States District Court